IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LARRY D. BITTICK, Register No. 1013472, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-4137-CV-C-SOW |
| ) | |
| JEREMIAH NIXON, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

On October 22, 2009, United States Magistrate Judge William A. Knox recommended dismissing plaintiff's claims for failure to state a claim on which relief may be granted. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

Plaintiff filed exceptions on November 16, 2009, and an amended complaint on November 23, 2009. In plaintiff's objections and amended complaint, he alleges that 38 U.S.C. § 5301 exempts his military benefits from the claims of creditors and shall not be liable to attachment, levy or seizure by or under any legal or equitable process.

The court has conducted a de novo review of the record, including plaintiff's exceptions and amended complaint. Pension monies already dispersed to the inmate account of plaintiff, the beneficiary of the pension, can be encumbered, pursuant to a Missouri Incarceration Reimbursement Act (MIRA) judgment. Daimler Chrysler Corp. v. Cox, 447 F.3d 967, 976 (6th Cir. 2006) (where benefits have been dispersed to beneficiary and have left the hands of the pension plan, state can reach pension benefits made to prisoners). See also Missouri, ex rel., Nixon v. Baumruk, 2009 WL 2398673 (W.D. Mo. July 31, 2009) (monies received in prisoner's inmate account from his pension benefits plan could be encumbered by the State of Missouri); State, ex rel., Nixon v. Powell, 167 S.W.3d 702, 705 (Mo. 2005) (MIRA does not impair an inmate's contract to his pension because an

MIRA judgment specifically requires the pension monies to be paid to the inmate in his inmate account and does not direct payment to another).

To the extent plaintiff seeks to challenge generally the removal of monies from his inmate account, pursuant to the MIRA, the Eighth Circuit has specifically held that confiscation of money from the prisoner's inmate account, pursuant to the MIRA, does not rise to the level of a constitutional violation. Skinner v. Missouri, 215 Fed. Appx. 555 (8th Cir. 2007) (unpublished).

The issues raised in plaintiff's exceptions and amended complaint were adequately addressed in the report and recommendation. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that [6] the Report and Recommendation of October 22, 2009, is adopted. It is further

ORDERED that plaintiff's claims are dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

    /s/ Scott O. Wright  
    SCOTT O. WRIGHT  
    Senior United States District Judge

DATED: December 29, 2009